IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTOPHER PIERCE, | ) | |
| No. 86722, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-00370-MJR |
| | ) | |
| ROBERT HERTZ, | ) | |
| GARY BOST, | ) | |
| CAPTAIN BUNT, | ) | |
| SGT. DOVER, | ) | |
| JOHN LAKIN, | ) | |
| DON McNAUGHTON, | ) | |
| ROBERT BLANKENSHIP, and | ) | |
| NURSE MARTY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**REAGAN, Chief District Judge:**

Plaintiff Christopher Peirce is a pretrial detainee housed in the Madison County Jail. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to the conditions of his confinement.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d

1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, on six separate occasions between August 16 and December 27, 2014, the sewer and/or toilets backed up and flooded Unit B-North where Plaintiff is housed at the Jail.  Consequently, Plaintiff was exposed to raw sewage, including:  feces, urine, semen, saliva, blood, sweat, hair, parasites, bacteria, e-coli, salmonella, bacillus-coccus, organisms, fungi, acids, hepatitis, herpes and other sexually transmitted diseases, infections and viruses.  Each time, Plaintiff was denied medical treatment for this exposure.  He was also denied clean drinking water.   Plaintiff also takes issue with the failure to permanently correct the plumbing problem.

Plaintiff further alleges that on June 4, 2014, Captain Bost and Sheriff Lakin and Sheriff Hertz denied him access to a law library, and denied him an administrative grievance procedure—presumably so Plaintiff could not register complaints about the conditions of his confinement.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** On August 16, 2014, Defendants Hertz and Bost exposed Plaintiff to raw sewage, denied him medical treatment, and denied him clean drinking water, all in violation of the Fourteenth Amendment;
>
> **Count 2:** On September 4, 2014, Defendants Hertz, Bost, Court, along with Deputy Hare, Sgt. Foster and Deputy Reickhart, exposed Plaintiff to raw sewage, denied him medical treatment, and denied him clean drinking water, all in violation of the Fourteenth Amendment;
>
> **Count 3:** On September 6, 2014, Defendants Hertz, Bost and Blankenship exposed Plaintiff to raw sewage, denied him medical treatment, and denied him clean drinking water, all in violation of the Fourteenth Amendment;
>
> **Count 4:** On September 17, October 24 and December 27, 2014, Defendants Hertz, Lakin, Bost, Dover, McNaughten and Blankenship, along with Lt. Hill, exposed Plaintiff to raw sewage, denied him medical treatment, and denied him clean drinking water, all in violation of the Fourteenth Amendment;
>
> **Count 5:** On June 4, 2014, Defendants Hertz, Lakin and Bost denied Plaintiff access to an administrative grievance process, in violation of the Fourteenth Amendment; and
>
> **Count 6:** On June 4, 2014, Defendants Hertz, Lakin and Bost denied Plaintiff access to a law library, in violation of the First and Fourteenth Amendments.

The complaint generally asserts that Plaintiff's rights under the First, Fifth, Eighth, Thirteenth and Fourteenth Amendments have been violated, and that he has been denied due process and equal protection (*see* Doc. 1, p. 6). Nevertheless, in recognition of Plaintiff's *pro se* status, and for reasons explained below, the constitutional violations recognized by the Court have been limited to the most obvious proper constitutional claims.[1] Any claims Plaintiff may have intended that have not been recognized should be considered dismissed without prejudice.

---

[1] The Fifth, Eighth and Thirteenth Amendments are not applicable to Plaintiff or the scenario described in the complaint, and Plaintiff has not in any way pleaded an equal protection claim.

### Discussion

#### Personal Involvement

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Although Captain Bunt and Nurse Marty are named as defendants in the caption of the complaint and list of defendants, there is no mention of them in the narrative of allegations. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Captain Bunt and Nurse Marty will be dismissed without prejudice.

Relative to Deputy Hare, Sgt. Foster, Deputy Reickhart and Lt. Hill, the opposite is true. They are discussed in the narrative of claims, but are not named as defendants. Federal Rule of Civil Procedure 10(a) requires that all parties be listed in the case caption, and the Court cannot assume Plaintiff intended these four individuals to be defendants to this action. Accordingly, any and intended claims against Deputy Hare, Sgt. Foster, Deputy Reickhart and Lt. Hill should be considered dismissed without prejudice.

#### Count 1-4

Counts 1-4 all pertain to the same alleged constitutional violations: (a) exposure to raw sewage; (b) the denial of medical treatment; and (c) the denial of clean drinking water. However, as pleaded, only the allegations regarding being deprived clean drinking water state a colorable constitutional claim.

Because Plaintiff is a pretrial detainee in the Madison County Jail, the conditions of confinement claims he is alleging arise under the Due Process Clause of the Fourteenth

Amendment, not the Eighth Amendment. *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012)). Nevertheless, the same legal standards generally apply under the Fourteenth Amendment and Eighth Amendment, without differentiation. *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

The Due Process Clause of the Fourteenth Amendment prohibits conditions of confinement for pretrial detainees that amount to punishment. *Board v. Farnham,* 394 F.3d 469, 477 (7th Cir. 2005). Jail officials violate the Constitution when they show deliberate indifference to adverse conditions that deny "the minimal civilized measure of life's necessities," including "adequate sanitation and personal hygiene items." *Budd,* 711 F.3d at 842 (citing *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)). Furthermore, multiple unsanitary conditions "may violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.' " *Budd,* 711 F.3d at 842 (quoting *Wilson v. Seiter,* 501 U.S. 294, 304 (1991)). Similarly, pretrial detainees have a right to adequate medical care under the Fourteenth Amendment. *See Smith v. Sangamon County Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013).

The applicable "deliberate indifference" standard requires a plaintiff to show that (1) the harm suffered was objectively serious, and (2) the defendant official acted with deliberate indifference to the plaintiff's health or safety. Negligence, even gross negligence, is insufficient (*Guzman v. Sheahan,* 495 F.3d 852, 857 (7th Cir. 2007)), as is medical malpractice (*Edwards v. Snyder,* 478 F.3d 827, 831 (7th Cir. 2007)).

Although exposure to raw sewage is a condition of confinement that raises obvious sanitation and medical concerns, the complaint does not suggest that the sewer backup itself was attributable to a particular defendant; at most it appears to be due to negligence. Moreover, the

extent of Plaintiff's exposure to raw sewage is also unclear from the complaint. Whether Plaintiff was in contact with the sewage or merely in the unit where the backup occurred is not revealed in the complaint. Consequently, the claims regarding exposure to raw sewage fail under the *Twombly* pleading standard and must be dismissed without prejudice.

The claims regarding being denied medical treatment for exposure to raw sewage also fail under the *Twombly* pleading standard. The Fourteenth Amendment prohibits deliberate indifference to the serious medical needs of pretrial detainees. *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014) (citing *Brownell v. Figel,* 950 F.2d 1285, 1289 (7th Cir. 1991)). However, the complaint does not reasonably suggest that Plaintiff's unspecified exposure to raw sewage either created a serious medical need, or posed a sufficiently serious threat to necessitate medical treatment. How each of the many defendants were responsible for the alleged denial of medical care is also unclear. Consequently, these medical claims will be dismissed without prejudice.

The denial of clean drinking water—clearly one of life's necessities—can violate the Constitution. *See Reed v. McBride*, 178 F.3d 849, 853-854 (7th Cir. 1999); *Atkins v. City of Chicago*, 631 F.3d 823, 831 (7th Cir. 2011). The complaint indicates that during the six episodes at issue Plaintiff was denied clean drinking water for from one to three days. Depending on other circumstances, such as whether it was a particularly hot day, or whether other beverages were available, the denial of water for even one day could violate the Fourteenth Amendment. The claims in Counts 1-4 regarding the denial of water shall therefore proceed.

**Count 5**

According to the complaint, on June 4, 2014, Defendants Hertz, Lakin and Bost denied Plaintiff access to an administrative grievance process—how is not made clear. There is no

substantive constitutional right to administrative grievance procedures in jail; in the absence of a protected liberty interest, there is no right to procedural due process, either. *Antonelli v. Sheehan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). Out of an abundance of caution, Count 5 will be dismissed without prejudice.

### Count 6

It is alleged that on June 4, 2014, Defendants Hertz, Lakin and Bost denied Plaintiff access to a law library—presumably so Plaintiff could not register complaints about the conditions of his confinement.

Prisoners have a right under the First and Fourteenth Amendments to meaningful access to the courts. *See Bounds v. Smith,* 430 U.S. 817, 821, 823 (1977); *Lehn v. Holmes,* 364 F.3d 862, 865–66 (7th Cir. 2004). Prison authorities, therefore, must "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds,* 430 U.S. at 828. Nevertheless, the complaint fails to allege any injury caused by the lack of access to a law library on that single day. Such a claim ultimately requires that Plaintiff suffer an actual injury because he was prevented from pursuing a nonfrivolous, or potentially meritorious, legal action. *See Christopher v. Harbury,* 536 U.S. 403, 414–15 (2002); *Ortiz v. Downey,* 561 F.3d 664, 671 (7th Cir. 2009); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). Count 6 will, therefore, be dismissed without prejudice.

### Pending Motions

### Service of Process

Plaintiff moves for service of process at government expense (Doc. 3). Because Plaintiff has been granted pauper status (Doc. 7), service of the complaint will be effected by the U.S.

Marshals Service in accordance with 28 U.S.C. § 1915(d). Thus, Plaintiff's motion (Doc. 3) will be granted. Plaintiff remains responsible for serving all other documents as this case progresses.

### Copies

Plaintiff moves for a copy of the complaint (Doc. 4). He explains that the Jail does not provide copies of legal documents, for free or for a fee. The Clerk of Court can provide copies of documents for a fee (50¢ per page). If Plaintiff wants to order a copy of the complaint, he will have to send a written request to the Clerk of Court, accompanied by $7.00 (50¢ x 14 pages). The Court cannot otherwise subsidize the cost of litigation. Plaintiff's motion (Doc. 4) will be denied, insofar as he is requesting a free copy of the complaint.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's motion for service of process at government expense (Doc. 3) is **GRANTED**; and his motion for copies (Doc. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants **CAPTAIN BUNT** and **NURSE MARTY** are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that all claims regarding exposure to raw sewage and the denial of medical treatment are **DISMISSED without prejudice** from **COUNTS 1-4**; the claims in Counts 1-4 regarding the denial of drinking water shall **PROCEED** against Defendants **ROBERT HERTZ, GARY BOST, SGT. DOVER, JOHN LAKIN, DON McNAUGHTON, and ROBERT BLANKENSHIP**.

**IT IS FURTHER ORDERED** that **COUNTS 5 and 6** are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, for the reasons explained, any other intended claims against any other intended defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants **ROBERT HERTZ, GARY BOST, SGT. DOVER, JOHN LAKIN, DON MCNAUGHTON, and ROBERT BLANKENSHIP**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants **ROBERT HERTZ, GARY BOST, SGT. DOVER, JOHN LAKIN, DON McNAUGHTON, and ROBERT BLANKENSHIP** are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 30, 2015**

        s/ *Michael J. Reagan*
        **MICHAEL J. REAGAN**
        **CHIEF JUDGE**
        **UNITED STATES DISTRICT COURT**